UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHARLES MAUTI,<br><br>*Plaintiff,*<br>vs.<br><br>JOHN SCUNCIO, individually and as Chief of Police for the Town of Hopkinton; CHRISTOPHER LYMAN, individually and as a police officer for the Town of Hopkinton; MICHAEL GILMAN, individually and as a police officer for the Town of Hopkinton; DANIEL BARUTI, individually and as a police officer for the Town of Hopkinton; WILLIAM DILIBERO, individually and in his capacity as Town Manager for the Town of Hopkinton; JAMES LATHROP, in his capacity as Finance Director for the Town of Hopkinton; John Does 1 through 10; Jane Does 1 through 10,<br><br>*Defendants.* | C.A. No. 08-54S-LDA |

**ANSWER ON BEHALF OF JOHN SCUNCIO, INDIVIDUALLY AND AS CHIEF OF POLICE FOR THE TOWN OF HOPKINTON**

Now comes John Scuncio, individually and as Chief of Police for the Town of Hopkinton and answers the plaintiff's complaint as follows:

1. This defendant makes no response to the unnumbered first paragraph entitled "jurisdictional statement" since said statement merely outlines the plaintiff's claim of jurisdiction in this matter.

2. This defendant admits the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8 and 9 of that portion of the plaintiff's complaint entitled "parties."

3. This defendant makes no response to the allegations contained in paragraph 10 of that portion of the plaintiff's complaint entitled "parties" and leaves plaintiff to his proof of same.

4. This defendant admits the allegations contained in paragraphs 11, 17, 48, 51, 54, 58, 61, 66, 67, 69, 83, 84 and 95 of that portion of the plaintiff's complaint entitled "factual allegations pertaining to all counts."

5. This defendant denies the allegations contained in paragraphs 12, 13, 14, 15, 16, 18, 19, 20, 22, 23, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 44, 45, 52, 53, 55, 56, 59, 60, 62, 63, 64, 65, 68, 70, 71, 72, 73, 74, 75, 78, 86, 87, 88, 89, 91, 92, 94, 96, 97, 98, 99, 100, 102, 103, 104, 105, 106 and 107 of that portion of the plaintiff's complaint entitled "factual allegations pertaining to all counts."

6. This defendant makes no response and leaves plaintiff to his proof of same concerning the allegations in paragraphs 21, 43, 46, 47, 49, 50, 57, 76, 77, 80, 81, 82, 85 and 90 of that portion of the plaintiff's complaint entitled "factual allegations pertaining to all counts."

7. This defendant makes no response to the following paragraphs in that portion of the plaintiff's complaint entitled "factual allegations pertaining to all counts" in that all or portions of said paragraph refer to documents that speak for themselves. The paragraphs are 24, 79 and 93.

8. This defendant admits that although he disputes and denies most of the allegations contained in this complaint, at all times he acted in his capacity as Chief of Police. Therefore, he denies that portion of paragraph 101 that incorporates the other allegations in the complaint but admits that he was acting as a Police Chief at all times. Defendant specifically objects and contests to suit being brought in his individual capacity.

9. This defendant denies the allegations contained in paragraphs 108, 109, 110, 111, 112, 113 and 114 of Count I of the plaintiff's complaint.

10. This defendant makes no response to the allegations contained in paragraph 115 of Count II of the plaintiff's complaint and leaves plaintiff to his proof of same.

11. This defendant denies the allegations contained in paragraphs 116, 117, 118, 119 and 120 of Count II of the plaintiff's complaint.

12. This defendant denies the allegations contained in paragraphs 121, 122 and 123 of Count III of the plaintiff's complaint.

13. This defendant denies the allegations contained in paragraphs 124, 125 and 126 of Count IV of the plaintiff's complaint.

14. This defendant denies the allegations contained in paragraphs 127, 128 and 129 of Count V of the plaintiff's complaint.

15. This defendant denies the allegations contained in paragraphs 130, 131 and 132 of the plaintiff's complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This defendant pleads absolute and qualified immunity as a bar to the within complaint.

### SECOND AFFIRMATIVE DEFENSE

This defendant pleads all forms of statutory and common law immunity as a bar to the within complaint.

### THIRD AFFIRMATIVE DEFENSE

This defendant pleads the public duty doctrine as a bar to the within complaint.

**FOURTH AFFIRMATIVE DEFENSE**

This defendant pleads that the damages, if any, were caused or contributed to by plaintiff for which this defendant is not responsible.

**FIFTH AFFIRMATIVE DEFENSE**

This defendant pleads that the plaintiff's injuries, if any, were caused or contributed to by other persons, firms or corporations for whose conduct this defendant is not responsible.

**SIXTH AFFIRMATIVE DEFENSE**

This defendant specifically objects and contests suit being brought against him in his individual capacity.

**SEVENTH AFFIRMATIVE DEFENSE**

This defendant pleads the statute of limitations as a bar to some of the allegations set forth in the plaintiff's complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

This defendant pleads privilege as a bar to the plaintiff's complaint.

**This defendant demands trial by jury.**

Defendant,
John Scuncio
By his attorney,

/s/ Marc DeSisto

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 5th day of March, 2008, and is available for viewing and downloading from the ECF system. Service on the counsel of record, as listed below, will be effectuated by electronic means:

jpgyorgy@lawnoel.com

*/s/ Marc DeSisto*

Marc DeSisto