UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHARLES MAUTI | : | |
| | : | |
| VS. | : | C.A. No.: 08-54S |
| | : | |
| JOHN SCUNCIO, individually and as Chief of Police for the Town of Hopkinton; CHRISTOPHER LYMAN, individually and as a police officer for the Town of Hopkinton; MICHAEL GILMAN, individually and as a police officer for the Town of Hopkinton; DANIEL BARUTI, individually and as a police officer for the Town of Hopkinton; WILLIAM DILIBERO, individually and in his capacity as Town Manager for the Town of Hopkinton; JAMES LATHROP, in his capacity as Finance Director for the Town of Hopkinton; John Does 1 through 10; Jane Does 1 through 10 | : | |

**DEFENDANT, JAMES LATHROP, IN HIS CAPACITY AS FINANCE DIRECTOR FOR THE TOWN OF HOPKINTON'S, ANSWER TO PLAINTIFF'S COMPLAINT**

**FIRST DEFENSE**

The defendant, James Lathrop, in his capacity as Finance Director for the Town of Hopkinton (hereinafter "Finance Director"), neither admits nor denies the "Jurisdictional Statement" of the plaintiff's complaint because it alleges matters of law to which no response is required.

**SECOND DEFENSE**

The defendant, Finance Director, admits the allegations of Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9 and 11 of the plaintiff's complaint.

**THIRD DEFENSE**

The defendant, Finance Director, is without sufficient information to admit or deny the allegations of Paragraph 10 of the plaintiff's complaint but leaves the plaintiff to his proof thereof.

**FOURTH DEFENSE**

The defendant, Finance Director, denies the allegations of Paragraphs 12 and 13 of the plaintiff's complaint.

**FIFTH DEFENSE**

The defendant, Finance Director, admits that from March, 2001 until March 4, 2002 Gregory Pezza was a member of the Town's Finance Board. The defendant, Finance Director, denies the remaining allegations of Paragraph 14 of the plaintiff's complaint.

**SIXTH DEFENSE**

The defendant, Finance Director, denies the allegations of Paragraphs 15 and 16 of the plaintiff's complaint.

**SEVENTH DEFENSE**

The defendant, Finance Director, is without sufficient information to admit or deny the allegations of Paragraphs 17 through 21 and Paragraph 23 of the plaintiff's complaint but leaves the plaintiff to his proof thereof.

**EIGHTH DEFENSE**

The defendant, Finance Director, denies the allegations of Paragraphs 18, 19 and 20 of the plaintiff's complaint.

**NINTH DEFENSE**

The defendant, Finance Director, admits that Gregory Pezza was removed by the Town Council from his position on the Finance Board. The defendant, Finance Director, denies any remaining allegations of Paragraph 22 of the plaintiff's complaint.

**TENTH DEFENSE**

The defendant, Finance Director, admits that plaintiff submitted a memorandum dated February 22, 2002 "Re: Chief Scuncio's Behaviors". The content of this memorandum speaks

for itself. Defendant, Finance Director, denies any remaining allegations of Paragraph 24 of the plaintiff's complaint.

**ELEVENTH DEFENSE**

The defendant, Finance Director, denies the allegations of Paragraph 25 of the plaintiff's complaint.

**TWELFTH DEFENSE**

The defendant, Finance Director, admits that as the Town's Building Official plaintiff would have some involvement in the construction of the police station. Defendant, Finance Director, denies any remaining allegations of Paragraph 26 of the plaintiff's complaint.

**THIRTEENTH DEFENSE**

The defendant, Finance Director, admits that the plaintiff submitted a memorandum dated February 26, 2003 "Re: Police Station Septic System Design". The content of this memorandum speaks for itself. The defendant, Finance Director, denies any remaining allegations of Paragraph 27 of the plaintiff's complaint.

**FOURTEENTH DEFENSE**

The defendant, Finance Director, denies the allegations of Paragraphs 28 and 29 of the plaintiff's complaint.

**FIFTEENTH DEFENSE**

The defendant, Finance Director, admits that the site of the police station was not changed. The defendant, Finance Director, neither admits nor denies any remaining allegations of Paragraph 30 of the plaintiff's complaint.

**SIXTEENTH DEFENSE**

The defendant, Finance Director, is without sufficient information to admit or deny the allegations of Paragraphs 31 and 32 of the plaintiff's complaint but leaves the plaintiff to his proof thereof.

**SEVENTEENTH DEFENSE**

The defendant, Finance Director, admits that a Certificate of Use and Occupancy was issued for the police station, the content of which speaks for itself. Defendant, Finance Director, denies any remaining allegations of Paragraph 34 of the plaintiff's complaint.

**EIGTEENTH DEFENSE**

The defendant, Finance Director, denies the allegations of Paragraphs 33, 35, 36 and 37 of the plaintiff's complaint.

**NINETEENTH DEFENSE**

The defendant, Finance Director, is without sufficient information to admit or deny the allegations of Paragraphs 38 and 39 of the plaintiff's complaint.

**TWENTIETH DEFENSE**

The defendant, Finance Director, denies the allegations of Paragraphs 40, 41 and 42 of the plaintiff's complaint.

**TWENTY-FIRST DEFENSE**

The defendant, Finance Director, admits that a search warrant was executed by the Hopkinton Police Department at 64 Laurel Street in connection with its investigation of a complaint concerning unregistered trailers on the property. The defendant, Finance Director, is without sufficient information to admit or deny the remaining allegations of Paragraph 43 of the plaintiff's complaint.

**TWENTY-SECOND DEFENSE**

The defendant, Finance Director, is without sufficient information to admit or deny the allegations of Paragraphs 44 and 45 of the plaintiff's complaint but leaves the plaintiff to his proof thereof.

**TWENTY-THIRD DEFENSE**

The defendant, Finance Director, admits Timothy Teft was advised that he would be contacted by Hopkinton Police Officers for the purpose of obtaining a statement in reference to property at 64 Laurel Street. The defendant, Finance Director, is without sufficient information to admit or deny any remaining allegations of Paragraph 46 and the allegations of Paragraphs 47 and 48 of the plaintiff's complaint but leaves the plaintiff to his proof thereof.

**TWENTY-FOURTH DEFENSE**

The defendant, Finance Director, admits the allegations of Paragraph 49 of the plaintiff's complaint and further admits that the plaintiff's request to allow his secretary to make copies of the files was refused. The defendant, Finance Director, denies the remaining allegations of Paragraph 50 of the plaintiff's complaint.

**TWENTY-FIFTH DEFENSE**

The defendant, Finance Director, admits that a complaint was made by the plaintiff concerning the removal of files from the Building and Zoning Office and that he submitted a memorandum dated March 2, 2005 "Re: Protection of Files", the content of which speaks for itself. The defendant, Finance Director, denies the remaining allegations of Paragraph 51 of the plaintiff's complaint.

**TWENTY-SIXTH DEFENSE**

The defendant, Finance Director, denies the allegations of Paragraphs 52 and 53 of the plaintiff's complaint.

**TWENTY-SEVENTH DEFENSE**

The defendant, Finance Director, admits the allegations of Paragraphs 54 and 58 of the plaintiff's complaint.

**TWENTY-EIGHTH DEFENSE**

The defendant, Finance Director, is without sufficient information to admit or deny the allegations of Paragraphs 55, 57 and 61 of the plaintiff's complaint but leaves the plaintiff to his proof thereof.

**TWENTY-NINTH DEFENSE**

The defendant, Finance Director, denies the allegations of Paragraphs 56, 59, 60, 62, 63, 64 and 65 of the plaintiff's complaint.

**THIRTIETH DEFENSE**

The defendant, Finance Director, admits that sometime during the period from on or about March of 2005 through May 26, 2005 defendant, Baruti, conducted a computerized check of the plaintiff in connection with his investigation of a complaint regarding the plaintiff and property at 19C Panciera Lane and found no previous record for the plaintiff and that the plaintiff maintained an active Arizona driver's license but none in Rhode Island. Defendant, Finance Director, denies any other allegations contained in Paragraphs 66 and 67 of the plaintiff's complaint.

**THIRTY-FIRST DEFENSE**

The defendant, Finance Director, admits that in connection with the investigation of a complaint concerning the plaintiff and property at 64 Laurel Street a RILETS inquiry was performed that showed that the plaintiff possessed an Arizona license but no Rhode Island license. Defendant, Finance Director, admits that based upon this information, defendant, Lyman, concluded that plaintiff had violated R.I.G.L. 31-10-1. Defendant, Finance Director, denies any other allegations of Paragraph 68 of the plaintiff's complaint.

**THIRTY-SECOND DEFENSE**

The defendant, Finance Director, admits the allegations of Paragraph 69 of the plaintiff's complaint.

**THIRTY-THIRD DEFENSE**

The defendant, Finance Director, denies the allegations of Paragraphs 70, 71, 72, 73, 74 and 75 of the plaintiff's complaint.

**THIRTY-FOURTH DEFENSE**

The defendant, Finance Director, is without sufficient information to admit or deny the allegations of Paragraphs 76, 77 and 78 of the plaintiff's complaint, except that the defendant, Finance Director, denies the allegations of Paragraph 78 to the extent it alleges conduct by defendants, Scuncio and Gilman.

**THIRTY-FIFTH DEFENSE**

The defendant, Finance Director, is without sufficient information to admit or deny the allegations of Paragraphs 79, 80, 81, 82, 83 and 84 of the plaintiff's complaint but leaves the plaintiff to his proof thereof.

**THIRTY-SIXTH DEFENSE**

The defendant, Finance Director, admits that defendant, Lyman, forwarded the results of the investigation of the complaint concerning the plaintiff and property located at 64 Laurel Street to the Rhode Island Attorney General's Office. The defendant, Finance Director, further admits that as a result of the investigation defendant, Lyman, believed that Rhode Island Ethics Violations may have been committed by the plaintiff, that there were possible criminal charges to be brought against the plaintiff, and that the plaintiff may have violated ordinances of the Town of Hopkinton. The defendant, Finance Director, denies any other allegations of Paragraphs 85 and 86 of the plaintiff's complaint.

**THIRTY-SEVENTH DEFENSE**

The defendant, Finance Director, denies the allegations of Paragraphs 87, 88 and 89 of the plaintiff's complaint.

**THIRTY-EIGHTH DEFENSE**

The defendant, Finance Director, is without sufficient information to admit or deny the allegations of Paragraph 90 of the plaintiff's complaint but leaves the plaintiff to his proof thereof.

**THIRTY-NINTH DEFENSE**

The defendant, Finance Director, denies the allegations of Paragraphs 91 and 92 of the plaintiff's complaint.

**FORTIETH DEFENSE**

The defendant, Finance Director, admits that a letter from the Rhode Island Department of Attorney General addressed to defendant, Scuncio, dated July 3, 2006 was received. The content of the letter speaks for itself. The defendant, Finance Director, denies any remaining allegations of Paragraph 93 of the plaintiff's complaint.

**FORTY-FIRST DEFENSE**

The defendant, Finance Director, denies the allegations of Paragraph 94 of the plaintiff's complaint.

**FORTY-SECOND DEFENSE**

The defendant, Finance Director, admits that the results of the police department's investigation of complaints concerning the plaintiff was provided to Town Manager, William DiLibero. The defendant, Finance Director, denies any remaining allegations of Paragraph 95.

**FORTY-THIRD DEFENSE**

The defendant, Finance Director, admits that Town Manager, William DiLibero, prepared a written "notice of inappropriate activities" dated October 10, 2006 finding misconduct by the plaintiff. The defendant, Finance Director, denies any remaining allegations of Paragraph 96 of the plaintiff's complaint.

**FORTY-FOURTH DEFENSE**

The defendant, Finance Director, denies the allegations of Paragraphs 97, 98, 99, 100, 102, 103, 104, 105, 106 and 107 of the plaintiff's complaint.

**FORTY-FIFTH DEFENSE**

The defendant, Finance Director, neither admits nor denies the allegations of Paragraph 101 because it alleges matters of law to which no response is required.

**COUNT 1**

**FORTY-SIXTH DEFENSE**

The defendant, Finance Director, neither admits nor denies the allegations of Paragraphs 108, 109 and 110 because they allege matters of law to which no response is required.

**FORTY-SEVENTH DEFENSE**

The defendant, Finance Director, denies each and every other allegation of Count 1 of the plaintiff's complaint.

**COUNT 2**

**FORTY-EIGHTH DEFENSE**

The defendant, Finance Director, neither admits nor denies the allegations of Paragraph 115 because it alleges matters of law to which no response is required.

**FORTY-NINTH DEFENSE**

The defendant, Finance Director, denies each and every other allegation of Count 2 of the plaintiff's complaint.

**COUNT 3**

**FIFTIETH DEFENSE**

The defendant, Finance Director, denies each and every allegation of Count 3 of the plaintiff's complaint.

**COUNT 4**

**FIFTY-FIRST DEFENSE**

The defendant, Finance Director, denies each and every allegation of Count 4 of the plaintiff's complaint.

**COUNT 5**

**FIFTY-SECOND DEFENSE**

The defendant, Finance Director, denies each and every allegation of Count 5 of the plaintiff's complaint.

**COUNT 6**

**FIFTY-THIRD DEFENSE**

The defendant, Finance Director, denies each and every allegation of Count 6 of the plaintiff's complaint.

**FIFTY-FOURTH DEFENSE**

The defendant, Finance Director, denies any remaining allegations of the plaintiff's complaint.

**FIRST AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred by the applicable statute of limitations.

**SECOND AFFIRMATIVE DEFENSE**

The defendant asserts the defense of sovereign immunity and/or the Public Duty Doctrine.

**THIRD AFFIRMATIVE DEFENSE**

The defendant asserts all forms of statutory and common law immunity.

**FOURTH AFFIRMATIVE DEFENSE**

The defendant asserts the defenses of res judicata and/or collateral estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

The plaintiff's complaint fails to set forth claims upon which relief can be granted against the defendant, Finance Director.

**SIXTH AFFIRMATIVE DEFENSE**

The plaintiff has failed to comply with a condition precedent to filing suit against the defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

Any damages recoverable by the plaintiff are limited by statute.

**EIGHTH AFFIRMATIVE DEFENSE**

The defendant, Finance Director, is immune from an award of interest and costs.

**NINTH AFFIRMATIVE DEFENSE**

Punitive damages cannot be awarded against the defendant, Finance Director.

JAMES LATHROP, in his capacity as
Finance Director for the Town of
Hopkinton,
By his attorney,

/s/ Mark T. Reynolds

Mark T. Reynolds, Esquire (#4764)
Reynolds, DeMarco & Boland, Ltd.
146 Westminster Street, Suite 400
Providence, RI 02903
(401) 861-5522
Fax: (401) 331-4861
mtreynolds@conversent.net

THE DEFENDANT, JAMES LATHROP, IN HIS CAPACITY AS FINANCE DIRECTOR FOR THE TOWN OF HOPKINTON, HEREBY DEMANDS A TRIAL BY JURY.

/s/ Mark T. Reynolds

CERTIFICATION

I hereby certify that on this 7th day of March, 2008, I caused to be served a copy of the within via electronic mail to the following counsel of record:

John Gyorgy, Esquire
JPGyorgy@LawNoel.com

Marc DeSisto, Esquire
Marc@desistolaw.com

John R. Harrington, Esquire
JRHarrington@LawNoel.com

/s/ Mark T. Reynolds