UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHARLES MAUTI | : | |
| | : | |
| VS. | : | C.A. No.: 08-54S |
| | : | |
| JOHN SCUNCIO, individually and as Chief of Police for the Town of Hopkinton; CHRISTOPHER LYMAN, individually and as a police officer for the Town of Hopkinton; MICHAEL GILMAN, individually and as a police officer for the Town of Hopkinton; DANIEL BARUTI, individually and as a police officer for the Town of Hopkinton; WILLIAM DILIBERO, individually and in his capacity as Town Manager for the Town of Hopkinton; JAMES LATHROP, in his capacity as Finance Director for the Town of Hopkinton; John Does 1 through 10; Jane Does 1 through 10 | : | |

**DEFENDANT, CHRISTOPHER LYMAN, INDIVIDUALLY AND AS A POLICE OFFICER FOR THE TOWN OF HOPKINTON'S, ANSWER TO PLAINTIFF'S COMPLAINT**

**FIRST DEFENSE**

The defendant, Christopher Lyman, individually and as a police officer for the Town of Hopkinton (hereinafter "Lyman"), neither admits nor denies the "Jurisdictional Statement" of the plaintiff's complaint because it alleges matters of law to which no response is required.

**SECOND DEFENSE**

The defendant, Lyman, admits the allegations of Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9 and 11 of the plaintiff's complaint.

**THIRD DEFENSE**

The defendant, Lyman, is without sufficient information to admit or deny the allegations of Paragraph 10 of the plaintiff's complaint but leaves the plaintiff to his proof thereof.

**FOURTH DEFENSE**

The defendant, Lyman, is without sufficient information to admit or deny the allegations of Paragraphs 12 through 35 and Paragraphs 37 through 48 of the plaintiff's complaint but leaves the plaintiff to his proof thereof.

**FIFTH DEFENSE**

The defendant, Lyman, denies the allegations of Paragraph 36 of the plaintiff's complaint to the extent it alleges any conduct by him. Defendant, Lyman, is without sufficient information to admit or deny the allegations of Paragraph 36 to the extent it alleges conduct by others.

**SIXTH DEFENSE**

The defendant, Lyman, admits the allegations of Paragraph 49 of the plaintiff's complaint and further admits that he refused the plaintiff's request to allow his secretary to make copies of the files. The defendant, Lyman, denies the remaining allegations of Paragraph 50 of the plaintiff's complaint.

**SEVENTH DEFENSE**

The defendant, Lyman, admits that a complaint was made by the plaintiff concerning the removal of files from the Building and Zoning Office and that he submitted a memorandum dated March 2, 2005 "Re: Protection of Files", the content of which speaks for itself. The defendant, Lyman, denies the remaining allegations of Paragraph 51 of the plaintiff's complaint.

**EIGHTH DEFENSE**

The defendant, Lyman, denies the allegations of Paragraphs 52 and 53 of the plaintiff's complaint.

**NINTH DEFENSE**

The defendant, Lyman, admits the allegations of Paragraph 54 of the plaintiff's complaint.

**TENTH DEFENSE**

The defendant, Lyman, is without sufficient information to admit or deny the allegations of Paragraph 55 and Paragraphs 57 through 67 of the plaintiff's complaint but leaves the plaintiff to his proof thereof.

**ELEVENTH DEFENSE**

The defendant, Lyman, denies the allegations of Paragraph 56 of the plaintiff's complaint to the extent it alleges any conduct by him. The defendant, Lyman, is without sufficient information to admit or deny the allegations of Paragraph 56 to the extent it alleges conduct by others.

**TWELFTH DEFENSE**

The defendant, Lyman, admits that in connection with the investigation of a complaint concerning the plaintiff and property at 64 Laurel Street a RILETS inquiry was performed that showed that the plaintiff possessed an Arizona license but no Rhode Island license. Based upon this information, defendant, Lyman, concluded that plaintiff had violated R.I.G.L. 31-10-1. Defendant, Lyman, denies any other allegations of Paragraph 68 of the plaintiff's complaint.

**THIRTEENTH DEFENSE**

The defendant, Lyman, is without sufficient information to admit or deny the allegations of Paragraphs 69, 70, 71, 72, 73 and Paragraphs 75 through 84 of the plaintiff's complaint but leaves the plaintiff to his proof thereof.

**FOURTEENTH DEFENSE**

The defendant, Lyman, denies the allegations of Paragraph 74 of the plaintiff's complaint to the extent it alleges any conduct by him. The defendant, Lyman, is without sufficient information to admit or deny the allegations of Paragraph 74 to the extent it alleges conduct by others.

**FIFTEENTH DEFENSE**

The defendant, Lyman, admits that he forwarded the results of the investigation of the complaint concerning the plaintiff and property located at 64 Laurel Street to the Rhode Island Attorney General's Office. The defendant, Lyman, further admits that as a result of the investigation he believed that Rhode Island Ethics Violations may have been committed by the plaintiff, that there were possible criminal charges to be brought against the plaintiff, and that the plaintiff may have violated ordinances of the Town of Hopkinton. The defendant, Lyman, denies any other allegations of Paragraphs 85 and 86 of the plaintiff's complaint.

**SIXTEENTH DEFENSE**

The defendant, Lyman, denies the allegations of Paragraphs 87, 88 and 89 of the plaintiff's complaint.

**SEVENTEENTH DEFENSE**

The defendant, Lyman, is without sufficient information to admit or deny the allegations of Paragraphs 90 through 100 of the plaintiff's complaint but leaves the plaintiff to his proof thereof.

**EIGHTEENTH DEFENSE**

The defendant, Lyman, neither admits nor denies the allegations of Paragraph 101 because it alleges matters of law to which no response is required.

**NINETEENTH DEFENSE**

The defendant, Lyman, denies the allegations of Paragraphs 102 through 107 of the plaintiff's complaint.

**COUNT 1**

**TWENTIETH DEFENSE**

The defendant, Lyman, neither admits nor denies the allegations of Paragraphs 108, 109 and 110 because they allege matters of law to which no response is required.

**TWENTY-FIRST DEFENSE**

The defendant, Lyman, denies each and every other allegation of Count 1 of the plaintiff's complaint.

**COUNT 2**

**TWENTY-SECOND DEFENSE**

The defendant, Lyman, neither admits nor denies the allegations of Paragraph 115 because it alleges matters of law to which no response is required.

**TWENTY-THIRD DEFENSE**

The defendant, Lyman, denies each and every other allegation of Count 2 of the plaintiff's complaint.

**COUNT 3**

**TWENTY-FOURTH DEFENSE**

The defendant, Lyman, denies each and every allegation of Count 3 of the plaintiff's complaint.

**COUNT 4**

**TWENTY-FIFTH DEFENSE**

The defendant, Lyman, denies each and every allegation of Count 4 of the plaintiff's complaint.

**COUNT 5**

**TWENTY-SIXTH DEFENSE**

The defendant, Lyman, denies each and every allegation of Count 5 of the plaintiff's complaint.

**COUNT 6**

**TWENTY-SEVENTH DEFENSE**

The defendant, Lyman, denies each and every allegation of Count 6 of the plaintiff's complaint.

**TWENTY-EIGHTH DEFENSE**

The defendant, Lyman, denies any remaining allegations of plaintiff's complaint.

**FIRST AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred by the applicable statute of limitations.

**SECOND AFFIRMATIVE DEFENSE**

The defendant asserts the defense of qualified immunity.

**THIRD AFFIRMATIVE DEFENSE**

The defendant asserts all forms of statutory and common law immunity.

**FOURTH AFFIRMATIVE DEFENSE**

The defendant asserts the defenses of res judicata and/or collateral estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

The plaintiff's complaint fails to set forth claims upon which relief can be granted against the defendant, Lyman.

**SIXTH AFFIRMATIVE DEFENSE**

The defendant asserts the defense of the Public Duty Doctrine.

**SEVENTH AFFIRMATIVE DEFENSE**

The defendant specifically objects and contests to suit being brought against him in his individual capacity.

CHRISTOPHER LYMAN, individually and as a Police Officer for the Town of Hopkinton,
By his attorney,

/s/ Mark T. Reynolds

Mark T. Reynolds, Esquire (#4764)
Reynolds, DeMarco & Boland, Ltd.
146 Westminster Street, Suite 400
Providence, RI 02903
(401) 861-5522
Fax: (401) 331-4861
mtreynolds@conversent.net

THE DEFENDANT, CHRISTOPHER LYMAN, HEREBY DEMANDS A TRIAL BY JURY.

/s/ Mark T. Reynolds

CERTIFICATION

I hereby certify that on this 7th day of March, 2008, I caused to be served a copy of the within via electronic mail to the following counsel of record:

John Gyorgy, Esquire
JPGyorgy@LawNoel.com

Marc DeSisto, Esquire
Marc@desistolaw.com

John R. Harrington, Esquire
JRHarrington@LawNoel.com

/s/ Mark T. Reynolds