UNITED STATES DISTRICT COURT
DISTRICT COURT OF RHODE ISLAND

CHARLES MAUTI

v. C.A. No. 08-54S-LDA

JOHN SCUNCIO, Individually and as Chief of Police for the Town of Hopkinton; CHRISTOPHER LYMAN, Individually and as a Police Officer for the Town of Hopkinton; MICHAEL GILMAN, Individually and as a Police Officer for the Town of Hopkinton; DANIEL BARUTI, Individually and as a Police Officer for the Town of Hopkinton; WILLIAM DILIBERO, Individually and in his capacity as Town Manager for the Town of Hopkinton; JAMES LATHROP, in his capacity as Finance Director for the Town of Hopkinton; John Does 1 through 10; Jane Does 1 through 10

**DEFENDANT, WILLIAM DILIBERO, INDIVIDAULLY AND IN HIS CAPACITY AS TOWN MANAGER FOR THE TOWN OF HOPKINTON'S ANSWER TO PLAINTIFF'S COMPLAINT**

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 6.
7. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 7.
8. Defendant admits the allegations contained in Paragraph 8, except to the extent that the facts alleged by the plaintiff give rise to a suit against this defendant in his individual capacity, which is denied.
9. Admitted.
10. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 10.
11. Admitted.
12. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 12.
13. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 13.

14. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 14.
15. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 15.
16. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 16.
17. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 17.
18. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 18.
19. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 19.
20. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 20.
21. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 21.
22. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 22.
23. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 23.
24. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 24.
25. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 25.
26. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 26.
27. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 27.
28. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 28.
29. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 29.
30. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 30.
31. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 31.
32. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 32.
33. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 33.
34. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 34.
35. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 35.
36. Denied.

37. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 37, except to deny that this defendant took part in a campaign of "intimidation and harassment".
38. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 38.
39. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 39.
40. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 40.
41. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 41.
42. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 42.
43. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 43.
44. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 44.
45. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 45.
46. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 46.
47. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 47.
48. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 48.
49. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 49.
50. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 50.
51. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 51
52. Denied that plaintiff's physical condition is causally connected to the within matter and is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph 52.
53. See Response to No. 52.
54. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 54.
55. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 55.
56. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 56.
57. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 57.
58. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 58.

59. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 59.
60. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 60.
61. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 61.
62. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 62.
63. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 63.
64. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 64.
65. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 65.
66. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 66.
67. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 67.
68. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 68.
69. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 69.
70. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 70.
71. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 71.
72. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 72.
73. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 73.
74. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 74.
75. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 75.
76. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 76.
77. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 77.
78. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 78.
79. The allegations contained in Paragraph 79 calls for a legal conclusion and requires no response on the part of this defendant.
80. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 80.
81. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 81.

82. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 82.
83. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 83.
84. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 84.
85. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 85.
86. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 86.
87. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 87.
88. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 88.
89. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 89.
90. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 90.
91. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 91.
92. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 92.
93. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 93.
94. This defendant is without sufficient information to admit or deny the allegations contained in Paragraph 94.
95. Denied as written. This Defendant received information regarding Mr. Mauti from a number of sources. Admitted that this Defendant received the original Building and Zoning Department files following his appointment as Town Manager from Chief Scuncio and the Town Solicitor.
96. Denied as written. This Defendant received numerous complaints regarding Mr. Mauti and conferred with legal counsel prior to issuing a reprimand to Mr. Mauti.
97. Denied.
98. This defendant is without sufficient information to admit or deny the allegations relative to the subjective intentions of defendant, Scuncio. However, this defendant denies that he acted inappropriately.
99. Admitted that defendant DiLibero took disciplinary action against Mr. Mauti, denied as to the remainder of Paragraph 99.
100. Denied.
101. Admitted that this defendant undertook his duties, powers and responsibilities as Town Manager under color of law, without sufficient information as to the other defendants, denied as to any remaining allegations.
102. Denied as to this defendant.

103. Denied as to this defendant.
104. Denied as to this defendant.
105. Denied.
106. Denied.
107. Denied.

**COUNT 1**

108. As "the matters of public concern", this paragraph calls for a legal conclusion and requires no response on behalf of this defendant.
109. See response to No. 108.
110. Denied.
111. Denied.
112. Denied.
113. Denied.
114. WHEFORE, this Defendant demands judgment against the plaintiff plus its cost of defending this action.

**COUNT 2**

114. Denied.
115. Denied.
116. Denied.
117. Denied.
118. Denied.
119. Denied.
120. WHEFORE, this Defendant demands judgment against the plaintiff plus its cost of defending this action.

**COUNT 3**

121. Denied.
122. Denied.
123. WHEFORE, this Defendant demands judgment against the plaintiff plus its cost of defending this action.

**COUNT 4**

124. Denied.
125. Denied.
126. WHEFORE, this Defendant demands judgment against the plaintiff plus its cost of defending this action.

## **COUNT 5**

127. Denied.
128. Denied.
129. WHEFORE, this Defendant demands judgment against the plaintiff plus its cost of defending this action.

## **COUNT 6**

130. Denied.
131. Denied.
132. WHEFORE, this Defendant demands judgment against the plaintiff plus its cost of defending this action.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff failed to state a claim upon which relief may be granted.

### **SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

### **THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate his damages.

### **FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has suffered no damages as a result of this defendant's actions.

### **FIFTH AFFIRMATIVE DEFENSE**

This Defendant was, at all times material to this Complaint, acting in his official capacity and within the scope of his authority as Town Manager for the Town of Hopkinton.

### **SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were caused by persons or entities over whom this defendant has no authority, control or relationship.

**SEVENTH AFFIRMATIVE DEFENSE**

This defendant hereby pleads the defense of qualified privilege.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant was not an employer as defined under the Rhode Island Whistleblower Act and Defendant is not entitled to the privileges afforded under this statute.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff failed to exhaust administrative remedies.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is a member of a Collective Bargaining Unit and his exclusive remedies against this Defendant are afforded under the Collective Bargaining Agreement.

Defendant,
WILLIAM DILIBERO, Individually and in his capacity as Town Manager for the Town of Hopkinton,

/s/ Melody A. Alger

Melody A. Alger, Esq. #4585
Baluch, Gianfrancesco, Mathieu & Alger
155 South Main Street, Suite 101
Providence, RI 02903
(401) 331-1434
(401) 351-9653

**CERTIFICATION**

I, the undersigned, hereby certify that on the 11th day of March, 2008, I mailed a true copy of the foregoing, first class mail, postage prepaid, to:

John Gyorgy, Esquire
50 South Main Street
Providence, RI 02903

Marc DeSisto, Esq.
211 Angell Street
Providence, RI 02906

Mark Reynolds, Esq.
Reynolds, DeMarco & Boland
146 Westminster Street, Suite 400
Providence, RI 02903

/s/ Melody A. Alger