**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF RHODE ISLAND**

**CHARLES MAUTI,**

**Plaintiff**

**v.** **C.A. No. 08-54S-LDA**

**JOHN SCUNCIO, Individually and as Chief of Police for the Town of Hopkinton; CHRISTOPHER LYMAN, Individually and as a Police Officer for the Town of Hopkinton; Michael Gilman, Individually and as a Police Officer for the Town of Hopkinton; DANIEL BARUTI, Individually and as a Police Officer for the Town of Hopkinton; WILLIAM DILIBERO, Individually and in his capacity as Town Manager for the Town of Hopkinton; JAMES LATHROP, in his capacity as Finance Director for the Town of Hopkinton; JOHN DOES 1 through 10; JANE DOES 1 through 10,**

**Defendants**

**PLAINTIFF CHARLES MAUTI'S INITIAL SCHEDULING CONFERENCE STATEMENT**

Pursuant to the Court's Notice and Local Rule LR Cv 16, Plaintiff Charles Mauti submits the following statement of the claims asserted in this action.

**Factual Background**

Charles Mauti became the Building and Zoning official for the Town of Hopkinton in 1998. At that time and since, Defendant John Scuncio has been the Chief of Police in Hopkinton. As the Town's Building Official, Mr. Mauti became involved in the Town's efforts to build a new police station. He served on the Building Committee with, among others, Greg Pezza, a Hopkinton resident who also served as a member of

Hopkinton's Finance Board. At a budget meeting in 2001, Mr. Pezza (in his own words) "chewed [Scuncio] out" over spending issues related to the proposed police station. Scuncio retaliated against Pezza by using the Hopkinton Police Department's access to computerized criminal information database to run a "background check" on Mr. Pezza. He then publicly disclosed the results – a couple of bad check charges dating back to the time of Rhode Island's credit union crisis – to the local newspaper and at a Town Council meeting.

Rather than do nothing, Mr. Mauti sent a memorandum to the Hopkinton Town Council criticizing Scuncio's retaliation against Mr. Pezza and pointing out that such apparent misuse of the police department's access to computerized databases is a crime under federal law.[1] There was no response from either Chief Scuncio or the Town Council. Mr. Pezza resigned his positions.

Mr. Mauti's professional involvement with the construction of the police station continued through 2003 and into 2004, during which time he raised a number of issues, from the unsuitability of the chosen site (which could not accommodate a sufficiently large septic system) to the faulty installation of equipment or – in one instance – the installation of equipment without any of the permits or inspections required by law. Mr. Mauti's stated concerns were disregarded, and he was finally directed by a member of the Town Council to issue a certificate of occupancy.

Beginning late in 2004 Defendant Scuncio and the other police defendants began a campaign of retaliation and harassment against Mr. Mauti because of his public criticism of Scuncio's treatment of Greg Pezza and his by-the-book enforcement of the building code during construction of the new police station. That campaign, in which

[1] Mr. Mauti's memorandum was attached as an exhibit to the Complaint.

each of the individual defendants participated to varying degrees, included (among other things) the following:

- soliciting Hopkinton residents to file complaints against Mr. Mauti (and on at least one occasion threatening a resident who would not complain),
- making unfounded but very public allegations of conflicts of interest and other improper conduct, selectively leaking information and documents to the local newspaper
- an ultimately unsuccessful but intentionally protracted attempt to convince the Attorney General's office to initiate a felony prosecution of Mr. Mauti, which the police defendants purposely dragged out over eighteen months despite being told by the Deputy Chief of the Criminal Division "very early in [the Attorney General's] review that there was no evidence to support the filing of any of these felony offenses."
- enlisting a Westerly police officer to subject Mr. Mauti to a custodial arrest and subsequent misdemeanor prosecution for a minor license offense classified by Rhode Island law as a civil violation[2]

**Elements of Plaintiff's Claims**

Counts 1, 2, and 3 are brought under section 1983 of Title 42. The elements of a claim under section 1983 were described by the first circuit in *Burke v. Town of Walpole,* 405 F.3d 66, 76 (1st Cir. 2005): "To establish a governmental official's personal liability

[2] A previous action involving this arrest was brought against the arresting officers and the Town of Westerly. *Mauti v. Matarese, et al*., CA 2006-61T. That case was settled while on interlocutory appeal from the district court's denial of the defendants' motion for summary judgment on grounds of qualified immunity.

under 42 U.S.C. § 1983, 'it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right[,]'" *quoting Kentucky v. Graham,* 473 U.S. 159, 166, 87 L. Ed. 2d 114, 105 S. Ct. 3099 (1985). Municipal liability under either of the claims under section 1983 requires proof that the defendants acted pursuant to an established practice or policy governing the conduct of individual officers that results in the violation of constitutional rights alleged. *E.g., City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989).

The right at issue in Count 1 is Mr. Mauti's right to free speech guaranteed by the first amendment to the Constitution. See *Baron v. Suffolk County Sheriff's Dep't*, 402 F.3d 225, 233-35 (1st Cir. 2005)(discussing analytic framework for claims by public employees of retaliation for protected speech). Count 2 addresses Mr. Mauti's illegal arrest on May 10, 2005, which violated his right to be free of unreasonable searches and seizures guaranteed by the fourth amendment to the Constitution.

Count 3 alleges that the conduct of the defendants violated Mr. Mauti's right to substantive due process guaranteed by the fifth amendment to the Constitution as made applicable to state action by the fourteenth amendment. "To establish a substantive due process claim, a plaintiff must demonstrate an 'abuse of government power that shocks the conscience' or 'action that is legally irrational in that it is not sufficiently keyed to any legitimate state interests.'" *Collins v. Nuzzo,* 244 F.3d 246, 250 (1st Cir. 2001), quoting *PFZ Properties, Inc. v. Rodriguez,* 928 F.2d 28, 31-32 (1st Cir. 1991).

Count 4 alleges a claim under state law for intentional infliction of emotional distress. "To prevail on a claim for intentional infliction of emotional distress, a plaintiff must show 'extreme and outrageous conduct on the part of the defendant.'" *Jalowy v. The*

*Friendly Home, Inc.*, 818 A.2D 698, 707 (RI 2003), quoting *DiBattista v. State, 808 A.2d 1081, 1088 (R.I. 2002)*.See also id., at 707 (emotional distress claim may be based on retaliation for complaints to regulatory authorities); *Adams v. Uno Restaurants, Inc.*, 794 A.2d 489, 492-93 (criminal prosecution in retaliation for plaintiff's notifying Department of Health of unsanitary conditions supports claim for infliction of emotional distress).

Charles Mauti,
By his Attorneys

/s/ John P. Gyorgy
John P. Gyorgy
Noel & Gyorgy LLP
50 South Main Street
Providence RI 02903
(401) 272-7400
(401) 621-5688 (Fax)
JPGyorgy@LawNoel.com

**CERTIFICATION**

I hereby certify that on May 1, 2008, I sent a copy of the foregoing document to the following counsel of record by electronic noticing through the Court's ECF system:

William O'Gara
Pannone Lopes & Devereaux LLC
317 Iron Horse Way, St 301
Providence RI 02903

Melody Alger
Baluch Gianfrancesco Mathieu & Alger
155 South Main Street
Providence RI 02903

Mark Reynolds
Reynolds DeMarco & Boland Ltd
146 Westminster Street
Providence RI 02903

/s/ John P. Gyorgy