UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHARLES MAUTI                           :
                                        :
v.                                      :      C.A. No. 08-054S
                                        :
JOHN S. SCUNCIO, et al.                 :

**MEMORANDUM AND ORDER**

Pending before me for determination (28 U.S.C. § 636(b)(1)(A); LR Cv 72) is Plaintiff's Motion to Supplement the Record. (Document No. 99). The Rhode Island Department of Attorney General (the "RIAG") filed an Objection. (Document No. 110). After review of the pleadings, I determined that no hearing was necessary.

The dispute arises following my review of certain documents that were the subject of a Motion to Compel filed by Plaintiff. Some of the disputed documents were submitted *in camera* at my request. In a Memorandum and Order issued on June 10, 2009, I ordered the RIAG to produce portions of the documents to Plaintiff. The RIAG filed a Motion for Reconsideration and Redaction which it served on Plaintiff's counsel. Additionally, the RIAG submitted the very same *in camera* documents back to me, requesting that I reconsider the production ordered, and, alternatively, that I consider proposed redactions of certain portions of the documents that I had ordered produced. I denied the Motion for Reconsideration and Redaction by Text Order on June 16, 2009.

In a letter to the RIAG, and a subsequent letter to me, Plaintiff's counsel claimed that the resubmission of the documents *in camera* was a violation of Rule 3.5(b) of the Rules of Professional Conduct, and requested that the RIAG give him a copy of the documents that were resubmitted to the Court and that the Court make the documents part of the public record. By letter dated July 8,

2009, I responded to the letter and indicated I did not believe there was any violation of the Rules of Professional Conduct, but that the proper method for resolving Plaintiff's claimed dispute was by filing a Motion. Shortly thereafter, Plaintiff filed this Motion requesting that the *in camera* documents resubmitted to me in connection with the Motion for Reconsideration be made part of the public record. Plaintiff argues that Fed. R. Civ. P. 10(c) compels disclosure since the documents were an exhibit to the pleading.

Putting aside Plaintiff's allegations about the RIAG, I have an independent obligation to refrain from improper *ex parte* communications. However, an *in camera* review of documents submitted *ex parte* in the context of a dispute regarding the applicability of a privilege is not improper and has been described by the First Circuit as a useful tool in such circumstances. See Ass'n for Reduction of Violence v. Hall, 734 F.2d 63, 65-66 (1st Cir. 1984). In this case, my decision to engage in *in camera* review was discussed in open court and not objected to by Plaintiff's counsel who even indicated that *in camera* review was "what [he] was going to suggest before the Court suggested it on the Attorney General's documents...." (Tr. of May 28, 2009 Hearing (Document No. 91) at p. 33). If I had deemed the materials resubmitted to me to be an improper *ex parte* communication, I would, at a minimum, have promptly returned those documents to the RIAG with notice to Plaintiff's counsel. However, I viewed the resubmission as a permissible extension of my previous Order which had allowed the exact same documents to be submitted *ex parte* to the Court for *in camera* review. Additionally, I did not believe the resubmission gave the RIAG any procedural or tactical advantage on its unsuccessful motion.[1]

---

[1] In hindsight, RIAG's counsel should have sought my permission to make the second *ex parte* submission. However, hindsight is notoriously 20/20 and counsel was faced with a small window of time to seek relief from my June 10, 2009 Order.

Ultimately, I considered the RIAG's Motion for Reconsideration and the *ex parte* documents resubmitted with it, and I rejected the RIAG's Motion. The RIAG did not appeal my Order and produced the documents in the manner set forth in my June 10, 2009 Order. Plaintiff has not been harmed or placed at any disadvantage, and the decision to accept and consider the *ex parte* resubmission was mine. At the time, I viewed the event as a non-issue and I continue to do so. I find Plaintiff's arguments to be unconvincing and a transparent attempt to parlay a perceived technical misstep by opposing counsel into a mechanism to end run my Order on the Motion to Compel.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion to Supplement the Record (Document No. 99) is DENIED.

SO ORDERED

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 15, 2009