UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHARLES MAUTI | : | |
| | : | |
| v. | : | C.A. No. 08-054S |
| | : | |
| JOHN S. SCUNCIO, et al. | : | |

**MEMORANDUM AND ORDER**

Pending before the Court for determination (28 U.S.C. § 636(b)(1)(A); LR Cv 72(a)) is Plaintiff's Motion for Reconsideration and Clarification of a prior Memorandum and Order. (Document No. 105). The prior Memorandum and Order (Document No. 97) resolved an Objection and corresponding Motion to Compel regarding a third-party subpoena duces tecum served by Plaintiff on The Sun Publishing Company d/b/a The Westerly Sun. After reviewing extensive briefing and exhibits, and holding a hearing, the Court issued a detailed decision which individually discussed the areas in dispute and granted Plaintiff's Motion in part and ordered The Westerly Sun to supplement its production as specified within ten days. Id.

In Bowling v. Hasbro, Inc., C.A. No. 05-229S, 2008 WL 169693 at *1 (D.R.I. Jan. 16, 2008) District Judge Smith succinctly stated the substantial burden facing a party seeking reconsideration of a prior Court ruling as follows:

> It is well-established that "[t]he granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." Palmer, 465 F.3d at 30; see also Waters v. Walt Disney World Co., 237 F. Supp. 2d 162, 167 (D.R.I. 2002) (denying motion for reconsideration on the

> grounds that it simply restated arguments already made to the court). To succeed on a motion for reconsideration, a movant "must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." Palmer, 465 F.3d at 30.

Plaintiff has not met that burden. He has not demonstrated that the Court misapprehended the parties' respective positions or committed any manifest error of law. Plaintiff also does not rely upon newly discovered evidence and simply rehashes his prior arguments. Plaintiff has also not demonstrated any ambiguity in the Court's Order requiring clarification. It does not appear that Plaintiff's Motion was filed after reviewing The Westerly Sun's supplemental production since the Motion does not refer to such production and the ten-day period (computed under the version of Fed. R. Civ. P. 6(a) in effect at the time) provided for such supplement production (Document No. 97 at p. 5) had not yet expired. Thus, it is unclear if Plaintiff's assumption that the parties were not on the same page as to their interpretation of the purportedly ambiguous Order was accurate.

For the foregoing reasons, Plaintiff's Motion for Reconsideration and Clarification (Document No. 105) is DENIED.


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 25, 2010