UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHARLES S. MAUTI | : | |
| | : | |
| v. | : | C.A. No. 08-054S |
| | : | |
| JOHN J. SCUNCIO, et al. | : | |

**MEMORANDUM AND ORDER**

Pending before me for determination (28 U.S.C. § 636(b)(1)(A); LR Cv 72(a)) is Plaintiff's Motion to Compel Production of Documents. (Document No. 66). Defendants filed Objections (Document Nos. 74 and 78) arguing in part that Plaintiff's Motion should be denied for failing to confer in good faith as required by Fed. R. Civ. P. 37(a)(1). In particular, Defendant Scuncio's counsel contended that "plaintiff's counsel before preparing and filing his 52 page memorandum did not e-mail, telephone or write counsel to identify the specific areas where he believed the document response was incomplete or inadequate." (Document No. 74 at p. 3). Counsel for the remaining Defendants (except Defendant DiLibero) asserted that "plaintiff by and large has failed to confer with the undersigned counsel concerning these matters" and "waited until the day after discovery closed to file the instant motion to compel production of documents." (Document No. 78 at p. 1). Furthermore, in his Motion to Compel, Plaintiff indicated that a "Third Supplement Response" was received from Defendants two days earlier and that counsel will "promptly" advise the Court if that production rendered moot any of the issues raised by his pending Motion to Compel. No such communication was received from Plaintiff.

Based on these circumstances, I could have (and in hindsight probably should have) denied Plaintiff's Motion at that time based upon noncompliance with Fed. R. Civ. P. 37(a)(1). Instead, I

issued a Discovery Management Order (Document No. 81) which required counsel to meet face-to-face and confer in a good faith effort to resolve the disputes presented in Plaintiff's Motion and to file a joint status report within three weeks of the Order. In their joint status report (Document No. 86), the parties reported some very limited progress and also indicated that the Town intended to retain an expert to assist in searching its computer equipment for responsive documents. (Document No. 86 at p. 3). They also reported that "[i]f the parties are able to agree on the appropriate scope of a search of the Town's computer equipment, a number of the issues raised by the Motion to Compel will be resolved and some of those remaining may be narrowed." Id. Thus, I accepted the parties' request for additional time to submit a supplemental report. In their next joint status report (Document No. 92), the Town reported that it was "still in the process of retaining an expert to consult with concerning the electronic discovery issues raised by plaintiff" and the parties' request for additional time to confer and file a third report was accepted. On the due date for the third report, the Town filed an assented-to Motion for more time because "Defendant's counsel is awaiting authority to retain a computer forensic expert."[1] (Document No. 96). The request was granted. Next, Plaintiff filed an assented-to Motion for more time, in part, because "Defendants' counsel has retained a computer forensic expert and the parties will be discussing a procedure and protocol for conducting electronic discovery." (Document No. 103). The request was granted.

Although the parties had previously reported some progress, the third joint status report (Document No. 108) requested a hearing on the Motion to Compel and reported that nearly all of Plaintiff's document requests remained in dispute. Thus, I scheduled a hearing and ordered the parties to file supplemental memoranda. (Document No. 112). Shortly after the hearing,

---

[1] The Town has not explained why it waited months to engage a computer forensics expert to assist in its search for electronically stored information.

Defendants' counsel faxed a letter to me which stated, in part, that, "in light of the issues raised at the hearing, including the comments of the Court, the defendants are arranging to have the hard drives from [certain identified] computers imaged by their expert" and that Defendants' counsel "will ask plaintiff's counsel for a proposed list of terms to be included in the search of these images." (Document No. 121-1). Thus, giving Defendants the benefit of the doubt, I held off on ruling on the Motion to Compel and requested another status report. (Document No. 122). Both sides made additional multiple submissions and, in the end, they had very different takes on the situation. Defendants reported that they served a supplemental production of documents on Plaintiff as a result of the computer searches which, due to duplication, "validate[d] the completeness of the defendant's previous production responses" and "[t]herefore, no additional searches are necessary." (Document No. 127 at 1). In response, Plaintiff raised a number of issues with Defendants' production and the scope of their computer searches (both in terms of the number of computers searched and the search terms used) and described Defendants efforts as "continued recalcitrant refusal to comply with the discovery rules." (Document No. 128 at 6).

It is unfortunate that the processing of this case has been stalled to some extent by this discovery dispute and it needs to move forward. In an effort to do so, the Court makes the following ORDERS. First, the Town shall utilize Plaintiff's proposed list of search terms (Document No. 125-1) to search the images made by its computer forensic expert of the hard drives from the five computers previously identified by the Town[2] and previously searched utilizing only the Town's proposed list of search terms. The Town has not adequately shown that Plaintiff's proposed list of

---

[2] The five computers apparently imaged were "the old police department's server, defendant Scuncio's old computer, defendant DiLibero's old computer, the Building Official's old computer, and defendant Baruti's computer." See Document No. 127 at p. 1.

search terms is overly broad or that the review of documents retrieved by the search would result in an undue burden or cost. The Town shall also use Plaintiff's proposed list of search terms to search the computer(s) that it initially searched apparently using only Plaintiff's last name. Such searches shall be completed and all responsive, nonprivileged documents and, if applicable, a privilege log shall be produced to Plaintiff by August 31, 2010. Finally, the Town shall provide a computer inventory to Plaintiff which identifies the Town's computer equipment, including that used by the named Defendants during the relevant period of time, and indicates if such equipment was searched, the search protocols/terms used, and, if not searched, why not. Such inventory shall also be produced to Plaintiff by August 31, 2010.

Plaintiff's Motion to Compel (Document No. 66) is GRANTED in part as provided herein.

SO ORDERED


  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 23, 2010