UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHARLES MAUTI        :
                    :
    v.              :        CA NO. 2008-54S
                    :
JOHN SCUNCIO, ET AL. :

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO APPEAL BY DEFENDANTS FROM MEMORANDUM AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

The appeal by Defendants from the July 23rd Memo & Order can be disposed of on one simple ground, stated succinctly by the Magistrate-Judge in his decision: "The Town *has not adequately shown* that Plaintiff's list of search terms is overly broad or that the review of documents retrieved by the search *would result in an undue burden or cost*." Memo & Order at 3-4 (emphasis added). To the extent the Memo & Order broadens the list of equipment to be searched, the same observation would hold just as true. Given that it is the Defendants burden to establish that information sought is inaccessible without undue burden and expense, twenty-two months after the discovery in question was propounded – and after the Magistrate-Judge has ruled on the issue – is far too late in the game to be submitting the Affidavit of Jeffrey Gross in support of such an argument.

The arguments contained in Defendants Memorandum rely on mischaracterizations of Plaintiff's requests, as well as plainly inaccurate statements about the scope of the Memo & Order. They should also be viewed in another context – that of the apparently complete failure to take any steps to identify or preserve electronically-stored information responsive to Plaintiff's requests until long after responses were due.

1

The duty of counsel and client to identify and preserve relevant information upon notice of a likely claim not only seems to have been completely ignored in this case, but defense counsel appear to consider such an undertaking to be among the myriad "undue burdens" of which they complain.

Instead of addressing the substance of the Memo & Order, the Defendants again seem to count on vacant repetition of the "undue burden and expense" mantra, without attempting to explain much less justify the failure to even attempt to show (prior to filing their appeal) how or why the claim might have substance. Given their failure to carry the burden assigned to them by the Rules, they have no basis for their request that the Memo & Order be reversed. The recent decision of *Dahl v. Bain Capital Partners, LLC,* 2009 U.S. Dist. LEXIS 52551 (D. Mass. June 22, 2009) is instructive. While acknowledging that "electronic discovery costs can be shifted if the responding party identifies the source of the requested documents as not reasonably accessible because of an undue burden or cost on the responding party," the Court concluded that the defendants had made no such showing, *having failed to identify what if any material was inaccessible or why. Id.,* slip op. at 2.

The Court in *Bain Capital Partners* relied on, inter alia, the case of *Zubulake v. UBS Warburg LLC,* 216 F.R.D. 280, 283 (S.D.N.Y. 2003). The *Zubulake* case has produced a series of decisions by Judge Scheindlin in the Southern District of New York which have covered a broad range of issues concerning discovery of electronic records. Those decisions have been widely followed by Courts in the First Circuit and elsewhere. In *W.E. Aubuchon Company v. Benefirst, LLC*, 245 FRD 38 (D. Mass. 2007), for example, Magistrate-Judge Hillman summarized the analytic framework for determining the accessibility of electronic records as follows:

> *Zubulake* broke down electronic data into the following five categories, listed in order of most accessible to least accessible: (1)

> active on-line data (hard drives, for example); (2) near-line data
> (typically, robotic storage devices such as optical disks); (3) offline
> storage/archives (removable optical disks or magnetic tape media
> which can be labeled and stored in a shelf or rack); (4) backup tapes
> (devices like tape recorders that read data from and write it onto a
> tape; they are sequential access devices which are typically not
> organized for retrieval of individual documents or files); and (5)
> erased, fragmented or damaged data (such data can only be accessed
> after significant processing).

*Id.,* at 42, citing *Zubulake v. UBS Warburg LLC,* 217 F.R.D. 309, 318-19 (S.D.N.Y. 2003) (*Zubulake I*). Under that framework, all of the Defendants' electronic records are reasonably accessible, with the only possible exception being the "backup tapes" and deleted files.

Without an explanation of what material was backed up by the Town to those tapes, and when that was done, there is no factual basis to support a finding under Rule 26(b)(2)(b) that the information they contain is inaccessible. Having failed to even attempt to overcome the presumption discussed in *Bain Capital Partners* – that parties bear the costs of producing their own records – the Defendants should bear the cost of the search of those backup tapes.[5] *Cf. Bain Capital Partners, supra*, at 2 (the Defendants "fail to provide any grounds for shifting costs, which they must provide to overcome the presumption that they bear the costs in producing their electronic documents."); *see also Wachtel v. Health Net, Inc.*, 2006 U.S. Dist. LEXIS 27117, at 25 (D.N.J. May 5, 2006) (ordering defendant to restore backup tapes because of failure to identify and preserve documents while part of active database).

Remarkably, defense counsel continues to claim that "plaintiff failed to provide any analysis or reasoning for his contention that all computers utilized by all departments in town government be imaged and searched." Defendants' Memorandum, at 9. This statement, which is mistaken and misleading at the same time, is unfortunately indicative of the license taken by defense counsel in this case, in their written submissions to the

3

Court and otherwise. Simply put, it was the Defendants refusal to provide the information that the Memo & Order required them to provide – identifying which Town employees used which computer equipment when (Memo & Order, at 4) – that prevented either the Plaintiff or the Magistrate-Judge from excluding any equipment from the search. As defense counsel certainly aware, that problem was discussed at length at the hearing on Plaintiff's Motion. See Transcript of Hearing on Motion to Compel, September 10, 2009, at 13-15 (hereafter "TR").

The concern about the history of the Town's computer equipment was prompted by testimony from the Town employee responsible for computers that computers were "moved around" as new equipment was purchased. *Id.,* at 22. The issue came as no surprise to defense counsel at the hearing, since the problem had been identified in a letter he received from Plaintiff's counsel more than a month before the hearing, which included the following observation: "The IT Inventory appears to describe the current use of the listed equipment. *It does not indicate where that equipment was or who had access to it previously. Given the likelihood that computers were passed on to others as they were replaced,* I do not think it appropriate to exclude any of them." (Emphasis added). Joint Status Report – 3rd, Exh. B. Defense counsel never responded to that letter, and, despite stating to the Magistrate-Judge more than once at the September 10th hearing that he "can certainly try to find that out . . . ," TR at 18-19, and 20, he has never shared the result of any attempt he may have made to answer the 'who-what-when' question with either Plaintiff's counsel or the Court.

Other specific circumstances confirm the correctness of requiring Defendants to search *all* computers in light of their failure – whether through inability or some other reason – to provide the information necessary to identify what equipment was used by whom. One

example will suffice. When Daniel Salerno was fired from his position as Town Manager in 2006 – in large part for what was perceived to be his defense of Mr. Mauti – he was escorted from his office by Hopkinton police officers, one of whom carried the computer that they had removed from Mr. Salerno's office. Neither the Plaintiff nor the Court had any way of knowing which if any of the computers listed on the inventory provided by defense counsel was the one used by Mr. Salerno and subsequently removed by the police, or even whether that computer still exists. But given that during his short tenure Mr. Salerno was one of the central figures in the events involving Mr. Mauti, that computer should be identified and searched if still in the Town's possession.

For these reasons, the Defendants' appeal from the Memo & Order should be denied.

    Respectfully submitted,

    Charles Mauti
    By his Attorney,

    /s/  John P. Gyorgy
    John P. Gyorgy 3560
    Liberty Hill Professional Park
    400 South County Trail No. A207
    Exeter RI  02822
    (401) 294-9401
    (401) 633-6618 (Fax)
    John.Gyorgy@JPG-RI.com

## Certification

I hereby certify that on November 2, 2010, I sent a copy of the foregoing document to the following counsel of record, via the Court's ECF system:

William O'Gara
**Pannone Lopes & Devereaux LLC**
317 Iron Horse Way, St 301
Providence RI 02903
wogara@pld-law.com

Mark Reynolds
Reynolds DeMarco & Boland Ltd
146 Westminster Street
Providence RI 02903
mtreynolds@conversent.net

Melody Alger
Alger Parker LLP
95 Chestnut Street, Suite 401
Providence, RI 02903
malger@algerparker.com

/s/  John P. Gyorgy