UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHARLES MAUTI, | ) <br> ) |
| Plaintiff, | ) <br> ) <br> ) |
| v. | )     C.A. No. 08-54S-LDA <br> ) |
| JOHN SCUNCIO, et al., | ) <br> ) |
| Defendants | ) <br> ) |

## DEFENDANT JOHN SCUNCIO'S RESPONSE TO THIRD PARTY WITNESS DAVID WHEWELL'S OBJECTION TO DEFENDANT SCUNNCIO'S MOTION TO COMPEL

Defendant John Scuncio, by and through undersigned counsel, hereby responds to Third Party Witness David Whewell's Objection to Defendant Scuncio's Motion to Compel. Defendant Scuncio moved under Rule 45(c)(2)(B)(i) of the Federal Rules of Civil Procedure for an Order compelling Hopkinton Police Officer David Whewell ("Whewell") to provide responses to a subpoena that had been previously served upon him. The subpoena was served upon Whewell on April 27, 2009. Admittedly counsel served Whewell with the subpoena approximately twelve days after discovery had been set to close in this matter. The subpoena requested Whewell's notes that reference and detail his employment with the Hopkinton Police Department at times relevant to the actions alleged within Plaintiff's Complaint. On February 25, 2010, Judge William Smith reopened discovery in this matter. Upon discovery being reopened, Defendant's counsel sent a good faith letter to Whewell's counsel who also represents the Plaintiff, requesting the documents. Whewell, through counsel, has now refused to comply with the subpoena. This Court should order Whewell to comply with the April 27, 2009 subpoena because the requested documents contain discoverable and relevant evidence.

A party may obtain discovery of any non-privileged matter that is relevant to a claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Officer Whewell's notes are discoverable. Plaintiff contends that Defendant Scuncio and members of the Hopkinton Police Department engaged in a "pattern and practice of ... misusing their authority in order to punish and or discourage any criticism of Scuncio or the Department." Plaintiff's Complaint ¶ 102. At his deposition, Defense counsel asked Whewell whether he had been directed to engage in conduct that he believed was illegal while employed as a Hopkinton police officer. See Exhibit B, attached to Plaintiff's Motion to Compel at p. 42. Whewell testified that he would have to refer to his notes in order to respond to that question. Id. In other words, Whewell testified that he has notes that may contain information related to a specific allegation within Plaintiff's Complaint.[1] Information sought in discovery need only be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Discovery of Whewell's notes may inform the parties about aspects of Whewell's deposition testimony where Whewell stated, on several occasions, to questions posed during that deposition, that he would have to refer to his notes to refresh his recollection. Further, the notes may be used in cross examination for impeachment purposes. Thus, discovery of the requested documents is "reasonably calculated to lead to the discovery of admissible evidence," whether as direct evidence or used in connection

---

[1] Moreover, Whewell has made allegations against both Defendants Scuncio and Baruti that have now become part of a public forum. A website, entitled "Quest for Justice", includes a page entitled "Hopkinton RI Police Officer David Whewell Deposition". That webpage includes further allegations against Defendant Scuncio, "Whewell states he is harassed/retaliated upon for reporting these incidents [alleged instances of misconduct]. He's afraid to go to Chief John Scuncio fear of him getting him again." See http://thequestforjustice.webs.com/hpcopwhewelldeposition.htm The webpage also includes several allegations of misconduct by co-defendant Daniel Baruti. See id.

with witness testimony. Fed. R. Civ. P. 26(b)(1).[2] The notes are discoverable and Whewell should be ordered to produce them.

Whewell tries to avoid complying with the subpoena by arguing that the subpoena was served after a prior discovery deadline. Judge Smith has since reopened discovery. Whewell, therefore, cannot claim any prejudice regarding the subpoena being served twelve days past the prior discovery closure date.

For the reasons set forth herein and in Defendant Scuncio's Motion to Compel, Defendant Scuncio respectfully requests that this Court order Whewell to comply with the subpoena served on him on April 27, 2009, and to produce documents related to his notes.

> Respectfully submitted,
>
> John Scuncio,
>
> By his Attorneys,
>
> /s/ Matthew C. Reeber
> William E. O'Gara (#4257)
> Matthew C. Reeber (#7702)
> PANNONE LOPES DEVEREAUX & WEST LLC
> 317 Iron Horse Way, Suite 301
> Providence, Rhode Island 02908
> (401) 824-5100
> (401) 824-5123 (facsimile)

Dated: November 19, 2010

---

[2] Whewell has already testified that Plaintiff's counsel has a copy of the requested documents. See Exhibit B, attached to Defendants Motion to Compel at pgs. 43-44. Plaintiff's counsel merely has to make a copy of the notes or provide the notes for inspection by Defendant's counsel.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Mark T. Reynolds, Esq.
Reynolds, DeMarco & Boland, Ltd.
146 Westminster Street, Suite 400
Providence, RI 02903
mtreynolds@conversent.net

John P. Gyorgy, Esq.
Law Offices of John P. Gyorgy
Liberty Hill Professional Park
400 South County Trail Ste A207
Exeter, RI 02822
John.Gyorgy@JPG-RI.com

Melody Alger, Esq.
Alger Parker LLP
95 Chestnut Street Ste 401
Providence, RI 02903-2963
malger@algerparker.com

David Whewell
P. O. Box 303
Bradford, RI 02808

_Matthew C. Reeber_